IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER LITTLE                                                          PLAINTIFF

V.                                                        CAUSE NO.: **1:16-CV-048-MPM-SAA**

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY
BUREAU OF NARCOTICS, CITY OF FULTON, CHIEF
REGINALD "REGGIE" JOHNSON, IN HIS OFFICIAL
CAPACITY, AGENT JOEL HILL, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, and JOHN DOES 1-2, IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES                          DEFENDANTS

---

## COMPLAINT
(Jury Trial Demanded)

---

COMES NOW, Christopher Little, and files this, his Complaint against the Defendants,

Mississippi Department of Public Safety Bureau  of Narcotics, Joel Hill, City of Fulton, Chief

Reginald "Reggie" Johnson, and John Does 1-2 (hereinafter "Defendants"), and alleges the

following:

### PARTIES

1.  Plaintiff, Christopher Little (hereinafter Plaintiff), is an adult resident citizen of

    Mississippi, residing at 100 Wisteria Lane, Mantachie, Mississippi 38855.

2.  Defendant, Mississippi Department of Public Safety Bureau of Narcotics (hereinafter

    Defendant MBN), is a state governmental entity which can be served with process by

    service on Marshall Fisher, Commissioner, State of Mississippi Department of Public

    Safety Bureau of Narcotics, at 6090 I-55 South Frontage Road, Byram, Mississippi 39273.

3.  Defendant, Agent Joel Hill (hereinafter Defendant Hill), employed with the Mississippi

    Department of Public Safety Bureau of Narcotics, is an adult resident citizen of Mississippi,

and he may served with process at 6090 I-55 South Frontage Road, Byram, Mississippi 39273.

4. Defendant City of Fulton, Mississippi (hereinafter Defendant City), is a city entity that may be served with process by service on Lisa Russell, City Clerk, 213 West Wiygul Street, Fulton, Mississippi 38843.

5. Defendant, Chief Reginald "Reggie" Johnson (hereinafter Defendant Johnson), employed with the City of Fulton, MS, is an adult resident citizen of Itawamba County, Mississippi, and he may be served with process at 213 West Wiygul Street, Fulton, Mississippi 38843.

6. Defendant Officer John Does 1-2 (hereinafter Defendant Does), employed with the City of Fulton, MS, are adult resident citizens of Itawamba County, Mississippi, and they may be served with process at 213 West Wiygul Street, Fulton, Mississippi 38843.

## JURISDICTION

7. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

8. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Itawamba County, Mississippi.

## VENUE

9. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Itawamba County, Mississippi.

## UNDERLYING FACTS

10. On or about August 27, 2015, Plaintiff was pulled over by Defendant Hill, who was driving a black Chevy Cavalier, but Defendant Hill never identified himself as police or a member of law enforcement. When Defendant Hill approached Plaintiff's vehicle, Defendant Hill stated "I need something like what you are on. Do you have ID?" Defendant Hill did not have any handcuffs so he instructed Plaintiff to simply place his hands behind his back.

11. While Plaintiff was being detained, Defendant Hill placed Plaintiff in a choke hold for over two minutes causing Plaintiff to lose consciousness momentarily.

12. At this time, Defendant Does pulled up and cuffed Plaintiff. Afterwards, Defendant Does transported Plaintiff to Fulton County/City Jail where he was charged with several traffic violations, but no drug related charges.

13. Paramedics from North Mississippi Medical Center Ambulance Service came to the jail to evaluate Plaintiff's injuries.

14. Based upon information and belief, Defendant Hill was an employee of Defendant MBN, and Defendant Does were employees of Defendant City at the time of the subject incident.

15. As a result of the Defendants' negligent actions, Plaintiff sustained injuries.

### COUNT ONE
### INJUNCTION PROHIBITING FUTURE CONDUCT
### OF A SIMILAR CHARACTER, KIND OR NATURE

16. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

17. The Plaintiff is entitled to, and hereby request, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and

described in this complaint at any time in the future within the jurisdiction of the Circuit

Court of Itawamba County, Mississippi.

**COUNT TWO**
**NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND**
**TO MONITOR, TRAIN, AND SUPERVISE THE DEPUTIES INVOLVED.**

18. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set

    forth herein.

19. The Defendants, MBN, Fulton, Mississippi, and Reginald "Reggie" Johnson, were grossly

    negligent and/or wanton in failing to monitor the actions of the Defendant Officers. They

    further negligently and/or wantonly failed to train the aforementioned Defendants to

    properly protect, investigate, interrogate, or detain the Plaintiff and other similarly situated

    individuals. The Defendants negligently and/or wantonly failed to properly follow and/or

    apply their own city and law enforcement rules ordinances regulations, policies and

    procedures, as well as state law generally. The City of Fulton, Mississippi and Chief

    Johnson failed to properly supervise the actions of Defendant Officers.  Defendant MBN

    failed to properly supervise the actions of Defendant Hill.

20. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless,

    and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein

    and all damages that will be proved at trial hereon.

**COUNT THREE**
**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

21. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

22. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless

    disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By

condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

23. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

24. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT FOUR**
**CIVIL ASSAULT AND BATTERY**

25. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

26. The Defendants are liable for civil assault and battery. The Plaintiff alleges that Defendants Officers intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his minds, spirits, and bodies by forcefully grabbing Plaintiff and choking him for two minutes until he lost consciousness. Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

27. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

28. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 AND 28 U.S.C. Section 1343 et al

29. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

30. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

31. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT SIX
## EXCESSIVE FORCE

32. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

33. Plaintiff would show unto the Court that the Defendants took actions to deprive Plaintiff of his Fourth Amendment protection against excessive force.

## PRAYER FOR APPROPRIATE RELIEF

34. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

35. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

36. All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; lost wages and all other damages to be proved at trial.

37. The Plaintiff brings this action against all Defendants and demands judgement and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

38. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

This the 14th day of March, 2016.

**CHRISTOPHER LITTLE, Plaintiff**

BY: _____

**Carlos E. Moore, MSB# 100685**
**Tameika Bennett, MSB# 103146**

**OF COUNSEL:**

**MOORE LAW GROUP, P.C.**
**306 Branscome Drive**
**P. O. Box 1487**
**Grenada, MS 38902-1487**
**662-227-9940 – phone**
**662-227-9941 – fax**